

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Weaver H. Baker, Chairman
State Board of Control
Austin    11    Texas

Dear Mr. Baker:                    Opinion No. O-6008

Re:  Authority of the State Board
of Control, with the concurrence
of the Legislative and Business
Council, to construct another of-
fice building, as defined in House
Bills 301 and 818, since it has
purchased the Tribune building.

We beg to acknowledge receipt of your request for
an opinion from this Department upon the above-captioned sub-
ject matter.

In order to determine the scope and extent of the
authority of the State Board of Control, with the assistance
of the Legislative and Business Council, set up by House Bill
301, we quote the following sections of that Act:

"Section 1.  That there may be constructed two
(2) office buildings and a garage during the bien-
nium ending August 31, 1947.  Said buildings shall
be located on any State owned property lying south
and adjacent to the Capitol grounds as more fully
described herein.

"Sec. 2.  That such buildings shall be con-
structed under the supervision of the State Board
of Control with the assistance of a Legislative
and Business Council, composed of a member of the
House to be appointed by the Speaker, a member of
the Senate, appointed by the Lieutenant-Governor,
the Speaker of the House, the Attorney General,
and the Lieutenant-Governor.

"Sec. 3.  Such buildings shall be of fire-
proof construction and shall be provided with
modern improvements, particularly air-conditioning,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

proper light, heat, and ventilation, and other necessary utilities.

"Sec. 4. One of said buildings shall be designed to accommodate the Supreme Court of Texas and its Commission of Appeals; the Court of Criminal Appeals of Texas and its Commission of Appeals; the State's Attorney before the Court of Criminal Appeals; the Court of Civil Appeals, Third District; the Attorney General of Texas; and such other offices as space therein will permit. This building shall be known as the 'State Courts Building.'

"Sec. 5. The other of said buildings shall be designed and constructed for office space only, except the ground floor which shall be designed to care for tenants engaged in such businesses as will best accommodate the needs of State officers and employees; especially, the drug, cafe, and barber business. The name of this building shall be the 'State Office Building.'

"***.

"Sec. 12. There is hereby appropriated for the biennium ending August 31, 1947, the sum of Fifty Thousand Dollars ($50,000) out of the General Revenue Fund for the purpose of constructing said office buildings, garage, underpass and tunnel, and for the purpose of equipping same, and for the further purpose of defraying the legal, architectural, engineering, and inspection expenses connected therewith.

"Out of this appropriation the said Board of Control is hereby authorized and directed to employ a Registered Architect or Architectural Firm or firms (hereinafter referred to as the Architects), in private practice, on a customary fee basis for the preparation of preliminary sketches, plans and specifications, and for the supervision of the construction of said buildings.

"The Architects so selected and employed shall, in turn, employ registered Professional Engineers for the design of the structural and the mechanical phases of said buildings, said

Professional Engineers to be satisfactory to the said Board of Control. The Architects shall submit all preliminary designs to said Board of Control and receive approval before beginning preparation of working plans and specifications, shall at all times consult with the Board of Control and, upon completion of said plans and specifications, secure the approval of same from the Board of Control.

"Sec. 13. In addition to the above appropriations, there is hereby appropriated for the biennium ending August 31, 1947, the sum of Twenty-five Thousand Dollars ($25,000) out of the General Revenue Fund of the State, or so much thereof as is necessary, to wreck and remove the old Walton Building from its present site, and to pay expenses of whatsoever kind as are necessary for such purposes.

"***.

"Sec. 15. There is hereby appropriated out of the General Revenue Fund of the State of Texas the further sum of Two Thousand Dollars ($2,000) for removing the law libraries of said Courts and of the Attorney General of Texas to the 'State Courts Building.'

"***.

"Sec. 17. The State Board of Control is hereby authorized to negotiate as soon as possible for the purchase for the State of Texas the Tribune Building in the City of Austin, Texas, and the real estate upon which said building is located, as well as all other land and improvements pertaining thereto, or used in connection therewith for parking purposes or for any other purpose, from the owners thereof, at a cost not to exceed the estimate fixed, after due appraisal by the State Engineers, and only then upon the approval of a majority of the following: The Speaker of the House, a Member of the House to be selected by the Speaker of the House, the Lieutenant Governor, a Member of the Senate to be selected by the Lieutenant Governor, the Attorney General of Texas, and the Chairman of the Board of Control.

Honorable Weaver H. Baker - page 4

"***.

"Sec. 21.   The purchase price for the said
Tribune Building, real estate and land shall be
paid out of the funds appropriated and provided
for in and in the manner set out in House Bill
No. 818 of the Regular Session of the Forty-ninth
Legislature, and provided further that the sum
for the cost of the two office buildings as des-
cribed in this Act shall be appropriated out of
and provided in the manner set out in House Bill
No. 818 of the Regular Session of the Forty-ninth
Legislature."


For the same purpose -- the background of your author-
ity -- we quote the following from House Bill 818:

"Section 1.   The State Treasurer of the State
of Texas is hereby directed to transfer immediate-
ly the sum of One Million Dollars ($1,000,000)
from the Oil and Gas Enforcement Fund to the Gen-
eral Revenue Fund.   Said sum of money so transfer-
red, is hereby appropriated for the purpose of
constructing or purchasing, or constructing and
purchasing, an office building or State Courts
Building or garage, underpass and tunnels, either
or all of them, and for the purpose of equipping
the same as may be provided for by the Legislature."


Under a familiar rule of statutory construction, we
should consider the two bills as being complementary to each
other, since both of them deal with the same subject.

House Bill No. 818 is the Appropriation Act, making
available the funds with which to pay for the acquisition of
the buildings provided for in House Bill 301.   The essential
specific purpose for such appropriations is found in Section 1
of the first-named House Bill 818, as follows:

"Said sum of money so transferred is hereby
appropriated for the purpose of constructing or
purchasing, or constructing and purchasing, an
office building or State Courts Building or gar-
age, underpass and tunnels, either or all of them,
and for the purpose of equipping the same as may
be provided for by the Legislature."

Honorable Weaver H. Baker - page 5

The succeeding section makes a similar further appropriation "as may be necessary for the purpose hereinabove designated."

The third section makes a further transfer of funds to the General Revenue Fund "for the same purpose or purposes mentioned in Section 1 hereof."

It becomes necessary, therefore, for us to look to House Bill 301 for the more specific designation of the building or buildings to be purchased or constructed through the funds and moneys thus appropriated, for the Legislature plainly contemplates in House Bill No. 818 that such specific buildings to be purchased or constructed from the fund were thereafter to be "provided for by the Legislature."

Now, the initial Section 1 of House Bill 301 contemplates "That there may be constructed two (2) office buildings and a garage during the biennium ending August 31, 1947." By this it meant that one of such office buildings shall be known as the "State Courts Building" (Section 4), and that the other of said buildings shall be known as the "State Office Building." (Section 5).

From this it is obvious that the "State Courts Building" is one of the office buildings contemplated by House Bill No. 301. The other office building necessarily, therefore, is the "State Office Building." Clearly, the authority of the Board and the Council extends to the construction of the "State Office Building", which, if constructed, is required to be placed on the west side of Congress Avenue upon the lot described in Section 7 of House Bill 301, if the Board and Council have not exhausted that authority in the purchase of the Tribune building.

Now, Section 17 of House Bill 301 authorizes the Board of Control and the Council to purchase the Tribune building. Undoubtedly, the Legislature knew when it extended this authority that the Tribune building was a modern office building, and not a building specially designed for a Courts Building, and therefore intended as to the "State Office Building" of Section 7 that the Board and Council were given the option of construction or purchase of the Tribune building. This conclusion is accentuated by the language of Section 21, declaring that, "provided further that the sum for the cost of the two office buildings as described in this Act shall be appropriated out of and provided in the manner set out in House Bill No. 818 of the Regular Session of the

Honorable Weaver H. Baker - page 6

Forty-ninth Legislature."  (Emphasis supplied)

It appears, therefore, that the Legislature, by and large, considering both House Bills with reference to each other, as we should, contemplated only that two "office buildings" should be purchased, constructed or acquired, and moreover that the State Courts Building was one of the two.

From these considerations it follows that the Board and Council, having elected to purchase the Tribune building, now in legal contemplation the "State Office Building", they may not now construct another State Office Building on the west side of Congress Avenue.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED NOV 23, 1945

ATTORNEY GENERAL OF TEXAS

OS-MR